IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

JIMMY FLORES,

    Defendant.

Case No. 3:19CR075(2)

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

## REPORT AND RECOMMENDATION[1]

This case came before the Court for plea proceedings on June 24, 2019 following referral to the undersigned pursuant to Fed. R. Crim. P. 59. Assistant United States Attorney (AUSA) Brent Tabacchi appeared on behalf of the Government. Attorney Vincent Popp appeared and represented Defendant. Defendant, through counsel, orally consented to proceed before the United State Magistrate Judge for the plea hearing. Defendant also knowingly, intelligently, and voluntarily waived indictment.

The undersigned examined Defendant under oath as to his understanding of the Plea Agreement and the Addendum to the Plea Agreement, which Defendant acknowledged in open court. The undersigned also examined Defendant under oath concerning the effect of entering a guilty plea pursuant to that Agreement. Having conducted that colloquy, the Magistrate Judge concludes that Defendant fully understands the rights waived by entering a guilty plea and is fully competent to enter a guilty plea.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Based on the foregoing, the Magistrate Judge concludes that Defendant's guilty plea to Count One of the Second Superseding Information (Doc. 21) is a knowing, intelligent and voluntary plea. The Court also concludes that the Statement of Facts made a part of the Plea Agreement, the truth of which Defendant acknowledged in open court, provides a sufficient factual basis for a finding of guilt. It is therefore respectfully recommended that: (1) the Court accept Defendant's guilty plea; and (2) Defendant be found guilty as charged in Count One of the Second Superseding Information.

Anticipating the District Court's adoption of this Report and Recommendation, the Magistrate Judge referred Defendant for a pre-sentence investigation, and remanded him to the custody of the United States Marshal. The Court advised both sides of the sentencing date: October 7, 2019 at 3:15 p.m.

The transcript of this proceeding, if filed, should be filed under seal.

**IT IS SO RECOMMENDED**.


Date:   6/25/2019                                    s/Michael J. Newman
                                                     Michael J. Newman
                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).